## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

_____

| | |
|---|---|
| IRESTORE REPAIR AND ) | |
| WIRELESS, LLC, on behalf of itself ) | |
| and all others similarly situated ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | |
| YELP, INC. ) | |
| ) | |
| Defendant. ) | JURY DEMAND |

_____

## COMPLAINT - CLASS ACTION

### INTRODUCTION

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Yelp, Inc. (hereinafter referred to "Yelp" or "Defendant") in contacting Plaintiff on Plaintiff's cellular telephone in an attempt to sell advertising and/or other services to Plaintiff in direct contravention to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"). The TCPA prohibits unsolicited telemarketing calls to cellular telephones without prior express written consent within the meaning of the TCPA.

2. "Consumer complaints about abuses of telephone technology - for example, computerized calls to private homes - prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012)(internal citations omitted). In an effort to enforce this fundamental federal right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA.

3. Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. §1331 (general federal question), §1337, and 47 U.S.C. §227 (TCPA),.  Venue in this District is proper because Plaintiff resides here and Defendant transacts business here.

## PARTIES

5. Plaintiff IRestore Repair and Wireless, LLC ("IRestore") is, and at all times mentioned herein was, a Limited Liability Corporation within of the State of Florida, and maintains its place of business in the district.

6. Defendant, Yelp, is a Delaware corporation that maintains its headquarters at 140 New Montgomery St, 9th Fl., San Francisco, CA 94105.   Its registered agent in Florida is NRAI Services, Inc. Yelp is a business listing and consumer review website.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

7. As noted above, in 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

8. The TCPA regulates, among other things, the use of prerecorded messages

and use of automated telephone equipment, or "autodialers."[1](47 U.S.C. § 227(b)(1)(A)(iii)) Specifically, the TCPA prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express written consent of the called party. (47 C.F.R. §64.1200(a)(2))

9. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

10. On February 15, 2012, the FCC revised its rules implementing the TCPA to require prior express written consent for all autodialed or prerecorded telemarketing calls to wireless numbers. *In re Rules and Regulations Implementing the TCPA,* 27 FCC Rcd. 1830, 1831 (2012).

## FACTUAL BACKGROUND

11. At all times relevant, plaintiff IRestore was a corporation within the State of Florida. IRestore is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

12. Plaintiff created a Yelp Business profile in or around 2013.

13. Shortly after Plaintiff established its Yelp profile, Plaintiff began receiving unsolicited telemarketing calls on Plaintiff's cellular telephone number. Plaintiff has received

---

1 "Automatic telephone dialing system" means any equipment that has the "*capacity* to dial numbers without human intervention." *Griffith v. Consumer Portfolio Serv., Inc.*, 2011 WL 3609012 (N.D.Ill. Aug. 16, 2011) (emphasis original).

3

numerous telemarketing calls from Yelp attempting to sell Plaintiff advertising or other services.

14. Plaintiff has never provided express written consent for Yelp, or any entity on whose behalf Yelp is operating, to contact it with telemarketing offers on its cellular telephone using automatic telephone dialing systems or pre-recorded or automated voice messages.

15. In addition to placing telephone calls to the cellular telephone number listed on Plaintiff's business profile, Yelp made numerous telemarketing phone calls to a secondary cellular phone line owned by Plaintiff which Plaintiff never provided to Yelp.

16. Upon information and belief, Yelp uses call information capture technology to obtain additional contact information, including cellular telephone numbers, of customers and potential sales leads.

17. Plaintiff has made several requests that Yelp cease placing telemarketing calls to Plaintiff's cellular telephone number(s). Yelp has ignored Plaintiff's requests to cease telemarketing phone calls to Plaintiff's cellular telephone(s).

18. When Plaintiff answered Yelp's telemarketing calls, Plaintiff was greeted by an automated pre-recorded voice message advising Plaintiff to hold while the call was connected to a Yelp sales representative.

19. The fact that a pre-recorded message requested that Plaintiff hold while the call was transferred to a representative indicates that the calls were made using an automatic telephone dialing system because no person manually dialed the phone as evidenced by the fact that there was no one on the line when the call was answered.

20. The Federal Trade Commission has received hundreds of complaints from businesses and consumers across the country regarding Yelp's aggressive telemarketing tactics.

21. Several of the complaints received by the FTC complain about Yelp placing telemarketing phone calls to cellular telephone numbers. For example, certain complaints stated: "Jenny from yelp called continuously at both my phone numbers (XXX) XXX-7669 and cell phone (XXX) XXX-7417. I asked her to stop calling but she does again after a few weeks." (phone numbers redacted) and "This person, (ERIC) sent me an e-mail last week. I responded with directions to not contact me again. Today, Eric called me on my do not call cell phone. Please get them to abide by DO NOT CALL."

22. The Federal Communications Commission has received numerous complaints regarding Yelp's practices, including complains about unsolicited telemarketing calls. Exemplar complaints are attached as Exhibit A.

23. Yelp uses a computer platform designed by Salesforce.com to assist their sales department in placing and processing telemarketing calls. This platform is connected to a database that Yelp maintains of customer and potential customer information.

24. Yelp utilizes their database of customer and potential customer information to create predictive lists of phone numbers to be called in an effort to maximize the contact rate and efficiency of Yelp's sales representatives.

25. Upon information and belief, the above referenced computer platform is, or is part of, a system that has the capability to automatically dial telephone numbers that are stored in Yelp's databases without human intervention.

26. The telephone numbers that Defendant, or its agents, placed the telemarketing phone calls to were assigned to cellular telephone services for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

## COUNT I - TCPA (CELLULAR CALLS)

27. Plaintiff incorporates the above factual allegations herein.

28. Yelp made unsolicited telephone calls to the wireless telephone number of plaintiff and the other members of the class with prerecorded voices and or using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.

29. These phone calls were made without the prior express written consent of Plaintiff or the class.

30. Yelp has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

31. Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting defendant's violation of the TCPA in the future.

### CLASS ALLEGATIONS

32. Plaintiff brings this claim on behalf the following class and sub-class;

(1) All persons in the United States (2) to whose cellular telephone number (3) Yelp placed a telemarketing telephone call (4) using an automatic telephone dialing system or an artificial or prerecorded voice (5) within 4 years of the complaint (6) where Yelp did not have express written consent to call said cellular telephone number.

Cease Contact Sub-Class

(1) All persons in the United States (2) to whose cellular telephone number (3) Yelp placed a telemarketing telephone call (4) using an automatic telephone

dialing system or an artificial or prerecorded voice (5) within 4 years of the complaint (6) where Yelp called after a request to stop calling was made.

33.     Plaintiff represents and is a member of the Class and Sub-Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendants' agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

34.     Plaintiff does not know the exact number of members in the Class, but based upon the size and national scope of Yelp as well as the nature and persistency of the Telemarketing campaign to plaintiff and the fact that Yelp uses call information capture technology to obtain cellular telephone numbers, plaintiff reasonably believes that class members number at minimum in the hundreds if not thousands.

35.     Plaintiff and all members of the class have been harmed by the acts of defendant.

36.     This Class Action Complaint seeks money damages and injunctive relief.

37.     The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by Yelp.

38.     There are questions of law and fact common to the members of the class and sub-class, which common questions predominate over any questions that affect only individual class members. Those common questions of law and fact include, but are not limited to, the following:

  a. Whether Yelp engaged in a pattern of using automated equipment or prerecorded voices to place telemarketing calls to cellular telephones;

  b. Whether Yelp had prior express written consent to place said telemarketing calls to cellular telephones;

  c. Whether Yelp thereby violated the TCPA;

39. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express written consent within the meaning of the TCPA, Plaintiff asserts claims that are typical of the members of the class. Plaintiff will fairly and adequately represent and protect the interests of the class, and has no interests which are antagonistic to any member of the class.

40. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

41. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

42. Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained

of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of Plaintiff and the Class and against Defendant for:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(1);

B. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

D. Such other relief as the Court deems just and proper.

Respectfully submitted,
IRestore Repair and Wireless, LLC, Plaintiff

/s/ Scott D. Owens
Attorney for Plaintiff

Scott D. Owens
Law Office of Scott D. Owens, Esq.
664 W. Hallandale Beach Blvd.
Hallandale, FL 33009
954-589-0588 (phone)
954-337-0666 (Fax)
Scott@ScottDOwens.com

BRET L. LUSSKIN, Esq.
*Attorney for Plaintiff*
20803 Biscayne Blvd., Suite 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

Keith J. Keogh (Pro Hac Vice to be filed)
Timothy Sostrin (Pro Hac Vice to be filed)
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois    60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Scott D. Owens

## DOCUMENT PRESERVATION DEMAND

Plaintiff hereby demands that Defendant take affirmative steps to preserve all recordings, data, emails, documents, and all other tangible things that relate to the allegations herein, Plaintiff or the putative class members, the making of telephone calls using an automated system, the events described herein, or any third party associated with any telephone call, campaign, account, sale or file associated with Plaintiff or the putative class members, and any account or number or symbol relating to any of them.

Plaintiff also demands that Defendant take affirmative steps to identify all third parties that may have been involved in the sort of telemarketing alleged herein, and to instruct any third parties and their subvendors to initiate robust litigation holds as to call records and lead records, and preserve those materials.

These materials are very likely relevant to the litigation of this clam. If Defendant is aware of any third party that may have possession, custody or control of any such materials, Plaintiff demands that Defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the Defendant.

/s/ Scott D. Owens