UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 0:14-cv-61899-WJZ

IRESTORE REPAIR AND )
WIRELESS, LLC, on behalf of itself )
and all others similarly situated )
)
      Plaintiff )
)
v. )
)
YELP, INC. )
)
      Defendant. )    JURY DEMAND
_____/

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**
**AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, IRESTORE REPAIR AND WIRELESS, LLC ("IRestore"), hereby moves for an Order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3) and Local Rule 23.1, and requests that ruling on this motion be stayed until the completion of discovery. In support thereof, Plaintiff states:

1. Plaintiff is filing this motion contemporaneously with its class action complaint alleging, on behalf of itself and all others similarly situated, that Defendant, YELP, INC. ("Yelp"), violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* (the "TCPA").

2. Plaintiff now submits this Motion for Class Certification and requests that said motion be stayed until the completion of discovery in light of *Krzykwa v. Phusion Projects, LLC*, 920 F.Supp.2d 1279, 1282-1283 (S.D. Fla. 2012).[1]

3. A similar issue was recently before the Supreme Court. In *Genesis Healthcare v. Symczyk*, the Supreme Court held that when the individual claim of a plaintiff in an FLSA collective action becomes moot, that plaintiff can no longer serve as the lead plaintiff in a collective action. 569 U.S. __, __, 133 S. Ct. 1523 (2013). Because the *Genesis* Court held that "Rule 23 actions are fundamentally different from collective actions under the FLSA" it did not resolve whether a Rule 68 Offer moots a Rule 23 class plaintiff's claim. *Id.* at 1529. Further, the *Genesis* plaintiff conceded that a Rule 68 Offer mooted his collective action claim. *Id.* As such, the Court went on to hold that since the plaintiff's claim was mooted, the case must be dismissed for lack of subject matter jurisdiction. *Id.* at 1532.

4. While plaintiff does not concede that *Genesis* would allow attempts to moot the named plaintiff's claims in a Rule 23 class action, similar cases are being considered by the Court and it is possible the Court will adopt the reasoning of the Seventh Circuit in *Damasco v. Clearwire Corp.*, 662 F.3d 891, 895-95 (7th Cir. 2011) ("[A] plaintiff cannot avoid mootness by moving for class certification after receiving an offer of full relief").

---

[1] *Krzykwa* holds that a defendant in a class action can moot the entire lawsuit by immediately tendering a Federal Rule 68 Offer of Judgment for all individual relief available to the named plaintiff before the plaintiff moves for class certification. That ruling presents a scenario where the plaintiff must "race to the courthouse" to file his motion for class certification before the defendant tenders his offer of judgment. Although the vast majority of federal courts have rejected the reasoning in *Krzykwa*, Plaintiff nonetheless makes this request in order to protect the interests of the putative class, and specifically their right to recover in this lawsuit. *See also Deposit Guar. Nat'l Bank v. Roper*, 445 U.S. 326, 339 (1980); *Capote v. United Collection Bureau, Inc.*, 2010 U.S. Dist. LEXIS 36948 (S.D. Fla. March 11, 2010).

2

5. *Damasco* and other case law (and in the absence of any clear guidance from the Supreme Court) presents a dilemma for Plaintiff as to how best to avoid being "picked off" by a defendant seeking to evade class-wide liability. The Seventh Circuit described this dilemma as the "buy-off problem," but also identified a "simple solution": "Class-action plaintiffs can move to certify the class at the same time that they file their complaint." *Damasco*, 662 F.3d at 896. The pendency of that motion then protects a putative class from any attempts to buy-off the named plaintiffs. *Id*. In recognition of the fact that motions for class certification often require extensive discovery and investigation, the *Damasco* Court further suggested that the plaintiffs "also ask the district court to delay its ruling to provide time for additional discovery or investigation." *Id.*

6. In light of the above, and Plaintiff's desire to certify a class in this matter in any event, Plaintiff respectfully requests that the Court grant this motion. Doing so will preserve the appropriate interests of the parties and the putative class members, and will allow the Court to establish a reasonable schedule for briefing the class certification motion in full.

7. As shown in the accompanying memorandum, it is apparent from the information already known that this case is suitable for class treatment. Because the case is still in its infancy, Plaintiff has requested leave to file an amended memorandum in support of class certification after additional discovery.

8. Accordingly, Plaintiff respectfully requests that the Court enter an Order certifying this case as a class action pursuant to Federal Rules of Civil Procedure 23(b)(2) and (b)(3) and Local Rule 23.1, and further requests that ruling on this motion be stayed until the completion of discovery.

WHEREFORE, Plaintiff, IRESTORE REPAIR AND WIRELESS, INC., respectfully requests that this court enter an Order certifying this action as a class action, with the ruling on the matter to be stayed until the completion of discovery.

Dated August 20, 2014.

                                  Respectfully submitted,

By:/s/ *Scott D. Owens*
Scott D. Owens, Esq.
*Attorney for Plaintiff and the putative Class*
Florida Bar No. 0597651
SCOTT D. OWENS, P.A.
664 E. Hallandale Beach Blvd.
Hallandale Beach, Florida 33009
Telephone: 954-589-0588
Facsimile: 954-337-0666
scott@scottdowens.com

BRET L. LUSSKIN, Esq.
Attorney for Plaintiff
20803 Biscayne Blvd., Suite 302
Aventura, Florida 33180
Telephone: (954) 454-5841
Facsimile: (954) 454-5844
blusskin@lusskinlaw.com

Keith J. Keogh (Pro Hac Vice to be filed)
Timothy Sostrin (Pro Hac Vice to be filed)
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois   60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## CERTIFICATE OF SERVICE

  **I HEREBY CERTIFY** that on August 20, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served on August 20, 2014, via U.S. mail and/or some other authorized manner on the following parties who are not authorized to receive electronically Notices of Electronic Filing:

Yelp, Inc.
c/o NRAI Services, Inc., Registered Agent
1200 S. Pine Island Road, Suite 250
Plantation, FL 33324

              By:*/s/ Scott D. Owens*
              Scott D. Owens, Esq.
              *Attorney for Plaintiff and the putative Class*
              Florida Bar No. 0597651
              SCOTT D. OWENS, P.A.
              664 E. Hallandale Beach Blvd.
              Hallandale Beach, Florida 33009
              Telephone: 954-589-0588
              Facsimile: 954-337-0666
              scott@scottdowens.com